IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**REFUGIO GARCIA**
1109 Klaus Street
Green Bay, WI 54301

       Plaintiff,

   vs.                                                          Case No. 16-cv-260

**PACKERS SANITATION SERVICES INC. LTD.**
3681 Prism Lane
Kieler, WI 53812

       Defendant.

## COMPLAINT

Plaintiff, Refugio Garcia, by his attorneys, Hawks Quindel, S.C., for his Complaint against Defendant, Packers Sanitation Services Inc. Ltd. ("Packers Sanitation"), states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff was employed by Defendant, Packers Sanitation, at times during the past three years. During his employment, and within the three-year period preceding this Complaint, Plaintiff was paid a weekly salary of $883. Plaintiff was never provided records showing the number of hours he worked. Plaintiff regularly worked over forty (40) hours per week and was provided no additional compensation for hours he worked in excess of forty (40) in a workweek. Plaintiff seeks payment of overtime wages, liquidated damages as permitted under

federal and state law, and payment of attorney's fees and costs in bringing this action.

## PARTIES

2. Plaintiff, Refugio Garcia, is an adult resident of the state of Wisconsin, residing at 1109 Klaus Street, Green Bay, Wisconsin. At all times material to this matter, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e), Wis. Stat. § 103.001(5), and Wis. Stat. § 109.01(1r). Plaintiff's signed consent form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, Packers Sanitation, is a limited liability company with its principal office at 3681 Prism Lane, Kieler, Wisconsin. Its Registered Agent for Service of Process is located at 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717.

4. At all times relevant to this Complaint, Packers Sanitation was the "employer" of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

5. At all times material to this Complaint, Packers Sanitation has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant resides in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

8. Defendant employed Plaintiff to work on a cleaning crew starting in 2001.

9. During the statutory period, Plaintiff worked on a cleaning crew that cleaned the JBS Packerland slaughterhouse in Green Bay. Plaintiff worked with a cleaning crew of four people. Plaintiff's primary duty is cleaning the slaughterhouse. Plaintiff had no authority to hire or fire employees or order supplies. Plaintiff and his crew worked third shift, from approximately 10:00 p.m. to 6:00 a.m. Tuesday-Thursday, 5:00 p.m. to 1:00 a.m. Friday, and some weekends. Plaintiff's manager, who had responsibility for hiring, firing, and ordering supplies, was present for the majority of each work shift.

10. Plaintiff recorded his hours worked on a timeclock. However, his pay stubs stated forty (40) hours worked every week, regardless of the actual number of hours worked. Upon information and belief, Plaintiff worked between fifty (50) and sixty (60) hours per week during his employment with Defendant.

11. At no time during his employment with Defendant was Plaintiff exempt from overtime or minimum wage payment under the FLSA or Wisconsin law.

12. During his employment with Defendant, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant and was not provided overtime compensation.

### FIRST CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

13. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

14. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

15. During his employment with Defendant and during the applicable statute of limitations, Plaintiff was paid a fixed salary of $883 per week, regardless of the number of hours he worked.

16. During his employment with Defendant and during the applicable statute of limitations, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant without overtime compensation.

17. During some or all of the applicable statute of limitations, Plaintiff was not exempt from overtime pay under any of the FLSA exemptions.

18. Defendant's practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

19.     Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

20.     Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during his employment as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION:
FAILURE TO PAY OVERTIME WAGES
IN VIOLATION OF WISCONSIN LAW**

21.     Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

22.     The foregoing conduct, as alleged, violates Wis. Stat. § 103.02, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

23.     Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees for hours worked in excess of forty (40) in a workweek.

24.     Wis. Stat. § 109.03 requires an employer to pay all wages earned by an employee.

25.     During his employment with Defendant and during the applicable statute of limitations, Plaintiff was paid a fixed salary of $883 per week, regardless of the number of hours he worked.

26.     During his employment with Defendant and during the applicable statute of limitations, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant without overtime compensation.

27. During some or all of the applicable statute of limitations, Plaintiff was not exempt from overtime pay under any of the FLSA exemptions.

28. As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff, it has violated Wis. Stat. §§ 103.02, 109.03, and Wis. Admin. Code § DWD 274.03.

29. Plaintiff seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.02, 109.03, and Wis. Admin. Code § DWD 274.03, recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant as provided by Wis. Stat. § 109.03(6), and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding him:

A. The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. The overtime wage compensation owed to Plaintiff under Wis. Stat. §§ 103.02, 109.03, and Wis. Admin. Code § DWD 274.03 for the two-year time period prior to the commencement of this action;

C. Liquidated damages in an amount equal to the amount awarded to him as overtime wage compensation as provided in 29 U.S.C. § 216(b);

D. Penalties due under Wis. Stat. § 109.11;

E. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

F. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the FLSA.

Dated: April 20, 2016.

           **HAWKS QUINDEL, S.C.**
           *Attorneys for the Plaintiff*

           By:   */s/David C. Zoeller*
           David C. Zoeller, State Bar No. 1052017
           Email: dzoeller@hq-law.com
           Caitlin M. Madden, State Bar No. 1089238
           Email: cmadden@hq-law.com
           222 West Washington Avenue, Suite 450
           Post Office Box 2155
           Madison, Wisconsin 53701-2155
           Telephone: (608) 257-0040
           Facsimile: (608) 256-0236